| UNITED STATES DISTRICT COURT | For Online Publication Only |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                    **ORDER**
                                                    10-CR-281(JMA)

        v.

JOSE CANDELARIO,

                      Defendant.
-----------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Currently before the Court is a petition filed by Defendant Jose Candelario ("Defendant" or "Candelario") to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. See Motion to Vacate, ECF No. 507 (the "Petition"). For the reasons set forth below, the Petition is **DENIED**.

## I. BACKGROUND[1]

       Defendant entered into a plea agreement in which he agreed to plead guilty to a single count of the third superseding indictment—Count Eighteen, conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5). See Government's Response Brief in Opposition ("Govt Resp."), Attachment A ("Plea Agreement"), ECF No. 539. The Plea Agreement, inter alia, indicates that: (1) the maximum statutory penalty for the count was ten (10) years; (2) sets forth a likely range of imprisonment under the United States Sentencing Guidelines (the "Guidelines") that would exceed the statutory maximum; and (3) states that "because Count Eighteen carries a statutory maximum sentence of 120 months, the advisory Guidelines range for Count Eighteen is 120 months." Id. at ¶ 2. The Plea Agreement also contains a waiver provision, which provides that "[t]he defendant agrees not to file an appeal or otherwise challenge, by petition

---

[1] Only background facts relevant to determination of the pending Petition are set forth herein.

pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 120 months or below. This waiver is binding without regard to the sentencing analysis used by the Court." Id. at ¶4.

On June 13, 2011, Defendant pled guilty to Count Eighteen before Magistrate Judge Arlene R. Lindsay. Minute Entry, ECF No. 282. On October 17, 2012, Defendant was sentenced by District Judge Sandra J. Feuerstein to one hundred twenty (120) months imprisonment with three (3) years of supervised release to follow. Minute Entry, ECF No. 410. He did not appeal his conviction or sentence.

On June 24, 2016, the Federal Defenders of New York filed a "placeholder" motion on Defendant's behalf, under Administrative Order 2016-05 of the Eastern District of New York, seeking vacatur of Defendant's conviction. See Letter, ECF No. 507. This submission contended that, in sentencing Defendant, the Court erroneously designated Defendant as a "career offender" by improperly considering the conspiracy to commit murder in the aid of racketeering to be a "crime of violence" as defined by the Guidelines § 4B1.2(a)(2). Defendant filed a supplemental memorandum of law, ("Def. Mem."), ECF No. 536, in which he argued, inter alia, that the residual clause in the Guidelines is unconstitutionally vague as it uses identical language to the residual clause stricken by the Supreme Court in Johnson v. United States, 576 U.S. 591 (2015). The Government filed its response. ECF No. 539. Defendant did not submit a reply, nor did he further supplement his Petition despite receiving further opportunities to do so. See ECF Nos. 575, 589.

According to the Federal Bureau of Prisons, Defendant was released from incarceration on February 5, 2020. See Inmate Locator, https://www.bop.gov/inmateloc. The United States

Probation Department reports that Defendant's period of supervised release commenced on his release date and is scheduled to terminate on February 4, 2023.[2]

## II. DISCUSSION

Section 2255 permits a prisoner in custody to move to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To merit relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citation omitted). The petitioner must also show that the constitutional error had "substantial and injurious effect" that caused "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks and citation omitted). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks and citation omitted).

Defendant challenges his sentence as illegal because it relied upon the application of an unconstitutionally vague residual clause in the Guidelines. He further contends that the waiver

---

[2] The Petition is not mooted by Defendant's release from prison as a petitioner "remains 'in custody' for purposes of the jurisdictional requirement of § 2255 [when] he is still under supervised release." Dong Cai v. United States, No. 13-CV-3617, 2013 WL 5934314, at *3 (E.D.N.Y. Nov. 1, 2013) (citing Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994) (additional citations omitted)).

contained in the Plea Agreement should not be enforced in regard to this Petition. His motion proves unsuccessful on both procedural and substantive grounds.

**A. Waiver**

"Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). Waivers are found to be unenforceable "only in very limited situations, 'such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence.'" Id. (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (internal quotation marks and citation omitted)). The Government argues that Defendant's motion is barred by the collateral attack waiver in the Plea Agreement; Defendant contends, inter alia, that enforcing the waiver would be fundamentally unfair since his sentence is unconstitutional under Johnson. The Court finds that the collateral attack waiver in the Plea Agreement is enforceable.

Defendant does not claim that the waiver was not knowing and voluntary, and review of the transcript of the plea hearing before Magistrate Judge Lindsay provides no basis for such an argument. See 6/13/11 Transcript, ECF No. 296. During the plea hearing, Defendant agreed to waive his right to appeal or collaterally attack his conviction and sentence if the Court sentenced him to a term of 120 months in prison or less. Magistrate Judge Lindsay specifically addressed the terms and effect of the waiver on several occasions, explaining that he was giving up his rights to any further challenge. Id. at 9:2-12; see also id. at 9:16-20 (explaining to Defendant that if he were to be sentenced to 120 months in prison, "you can't come back to court in any shape, way or form to challenge whether you're guilty or whether the sentence was proper"). Defendant, under

4

oath, consistently affirmed that he understood the terms of the agreement. See id. at 9:13-14; 9:21-22. He further acknowledged that he had read the Plea Agreement, that he had reviewed it with his attorney, and that the terms had been explained to him. Id. at 12:21-13-3.

Candelario challenges his sentence, relying upon Johnson and arguing that application of the residual clause in the Guidelines violated his constitutional rights. The Second Circuit has found that a defendant's knowing and voluntary waiver of the right to collaterally attack his sentence is enforceable and thus bars a Section 2255 motion based on Johnson. See Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016). The Court in Sanford noted that even if the Guidelines provision was found to be unconstitutional in light of Johnson, "a defendant's 'inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" Id. (alterations in original) (quoting United States v. Lee, 523 F.3d 104, 107 (2d Cir. 2008); United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005)). Defendant received a sentence of 120 months, which conformed to the conditions of the plea agreement. Having received the benefit of his bargain, he cannot be heard to argue that the agreement is unenforceable. See United States v. Blackwell, 651 F. App'x 8, 10 (2d Cir. 2016) (summary order) (noting that defendant "received the benefit of that [plea] agreement and he has waived any challenge to his sentence on the basis of Johnson").[3]

---

[3] Some courts have recently found waivers of collateral review to be unenforceable where the defendant challenged the constitutionality of the underlying conviction, not the sentence. See, e.g., Negron v. United States, -- F. Supp. 3d --, 2021 WL 633817, at *4 (E.D.N.Y. Feb. 18, 2021) (finding waiver unenforceable, and noting that "Sanford, and each of the cases relied upon by Sanford, dealt with challenges to the sentence imposed, rather than the conviction itself"). Even assuming, arguendo, that this analysis is correct, these cases do not apply since Candelario's challenge is to his sentence only.

Defendant's knowing and voluntary waiver of his right to collaterally attack his sentence is enforceable to bar his Section 2255 Petition. Moreover, even assuming that the collateral attack waiver is not enforceable, however, his Petition fails on the merits as well.

**B. Merits**

The Supreme Court in <u>Johnson</u> struck down the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as unconstitutionally vague in violation of due process. Defendant argues that since the residual clause in the Guidelines used to sentence him and the ACCA's residual clause "are identically worded and interpreted, . . . <u>Johnson</u>'s holding that the ACCA's residual clause is void for vagueness applies equally to § 4B1.2(a)'s residual clause." Def. Mem. at 4. He specifically notes that the Supreme Court was considering a case, <u>Beckles v. United States</u>, that "will decide whether the Guidelines' residual clause is likewise void for vagueness." <u>Id.</u> at 8. When the Supreme Court issued its decision in <u>Beckles</u>, however, it made a distinction between the residual clause at issue in <u>Johnson</u> and the residual clause included in the Guidelines, noting that the Guidelines "do not fix the permissible range of sentences" but rather "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." <u>Beckles v. United States</u>, -- U.S. --, 137 S. Ct. 886, 892, 197 L. Ed. 2d 145 (2017). After further observing that the Guidelines "do not implicate the twin concerns underlying vagueness doctrine–providing notice and preventing arbitrary enforcement," <u>id.</u>, 137 S. Ct. at 894, the Court held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." <u>Id.</u> at 137 S. Ct. at 895. Thus, Defendant's argument to the contrary is meritless.

Applying <u>Beckles</u>, courts have routinely dismissed Section 2255 petitions where the defendant argued that the residual clause in the Guidelines was unconstitutionally vague. <u>See,</u>

e.g., Ortiz v. United States, No. 06-cr-532, 2018 WL 1701934, at *3 (E.D.N.Y. Mar. 30, 2018) (Petitioner's argument that the residual clause in the Guidelines is unconstitutionally vague fails "because under Beckles, the Career Offender Guideline is not subject to void-for-vagueness challenge"); Poole v. United States, No. 14-CR-06175, 2017 WL 2572361, at *1 (W.D.N.Y. June 14, 2017) ("due to the holding of Beckles, [Defendant]'s § 2255 motion has been rendered meritless and it is therefore dismissed"); Maddox v. United States, No. 16-CV-958, 2017 WL 1424632, at *4 (D. Conn. Apr. 19, 2017) (finding no basis for Section 2255 motion "[b]ecause *Beckles* directly rejected the argument [Defendant] seeks to make—that the Guidelines' use of the 'residual clause' in the definition of 'career offender' is void for vagueness…"); United States v. Flores, No. 12-CR-874, 2017 WL 1274216, at *1 (S.D.N.Y. Apr. 4, 2017) ("[b]ecause the Supreme Court held in [Beckles] that, unlike ACCA, the Sentencing Guidelines are not subject to vagueness challenges, defendant's motion is denied"). As Defendant's argument is squarely rejected by Beckles, his Petition must be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant's Petition, ECF No. 507, is **DENIED**. The Clerk of the Court is respectfully directed to close the corresponding civil case, No. 16-cv-3488.

The Court declines to issue a certificate of appealability because Defendant has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED**.

    /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 21, 2021